## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIANA SODEKE § | | |
| ADEMOLA ONOFORMI § | | |
|     Plaintiffs § | | NO. 4:20-cv-02317 |
| § | | |
| v. § | | |
| § | | |
| DENNIS CLARK AND § | | |
| PALINDROME EXPRESS LLC § | | JURY DEMANDED |
|     Defendants § | | |

### AGREED JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The parties conferred on August 28, 2020. Attorneys, Caroline E. Adams, participated for Plaintiffs, **CHRISTIANA SODEKE and ADEMOLA ONOFORMI** ("Plaintiffs"). Attorney, Megan L. Knudsen, participated for Defendants, **PALINDROME EXPRESS LLC and DENNIS CLARK**.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Plaintiffs initiated this lawsuit in state court where it was pending with Cause No. 2020-32498; *Christina Sodeke and Ademola Onoformi v. Dennis Clark and Palindrome Express LLC*; In the 270th Judicial District Court of Harris County, Texas. Defendant, Palindrome Express, LLC, removed Cause No. 2020-32498 to Federal Court on July 1, 2020 on the basis of diversity jurisdiction.

3. **Briefly describe what this case is about.**

   Plaintiffs were involved in an auto accident on May 15, 2019 in Houston, Texas with a tractor-trailer rig operated by Defendant, Dennis Clark, and owned by Defendant, Palindrome Express, Inc. Plaintiffs contend they sustained bodily injuries and property damage as a result of the accident. Plaintiffs assert a negligence cause of action against Dennis Clark and contend that Defendant, Palindrome Express LLC is vicariously liable for Dennis Clark's alleged negligence.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiffs originally filed this action in state court in Harris County. Defendant, Palindrome Express LLC, removed it to this court, alleging diversity jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

5. **Name the parties who disagree and the reasons.**

   None of the parties filed a Motion to Remand this matter to State Court.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   No interventions are anticipated.

8. **Describe class-action issues.**

   This is not a class-action case and no class-action issues are anticipated.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiffs filed their certificate of interested parties on July 16, 2020. Defendant, Palindrome Express LLC, filed its certificate of interested parties on August 12, 2020. Defendant, Dennis Clark, filed his answer and certificate of interested parties on August 31, 2020.

   Initial disclosures will made by all parties on or before September 4, 2020.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       The parties propose the following timeline:

       - Send requests for production, requests for admission, and interrogatories, by **October 2, 2020**
       - Join all necessary parties and obtain service by **October 2, 2020**
       - Plaintiff designates experts and provides reports from retained experts by **February 5, 2020**
       - Defendant names experts and provides reports from retained experts by **March 8, 2020**

- Depose parties and fact witnesses by **January 8, 2021**
- Mediate by **February 12, 2021**
- Depose experts if necessary by **April 16, 2021**
- Dispositive motions heard by **May 14, 2020**
- Challenges to experts filed by **May 14, 2020**
- Discovery cutoff by **May 14, 2020**
- Trial if necessary **Mid-Late June 2020**

B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories and requests for production to Defendants as needed to supplement initial disclosures per the timeline in paragraph 10A.

C.   **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories and requests for production to Plaintiffs as needed to supplement initial disclosures per the timeline in paragraph 10A.

Defendants may send deposition on written questions to treating providers per the timeline in paragraph 10A.

D.   **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking depositions of Dennis Clark, a corporate representative for Palindrome Express LLC, the investigating police officer, one or more treating physicians, and defense experts.

E.   **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking depositions of Plaintiffs, the investigating police officer, one or more of Plaintiffs' treating physicians, and defense experts.

F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs and Defendants will name experts and produce reports from the retained experts per the timeline in paragraph 10A.

G.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The parties propose to wait until after mediating the case before deposing experts. Expert depositions will be completed per the timeline in paragraph 10A only if mediation is unsuccessful.

> **H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
> The parties propose to wait until after mediating the case before deposing experts. Expert depositions will be completed per the timeline in paragraph 10A only if mediation is unsuccessful.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

All parties have agreed to the timeline in paragraph 10A.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has yet taken place.

**13.** **State the date the planned discovery can reasonably be completed.**

The parties anticipate that all discovery – requests for production, requests for admissions, interrogatories, records orders, and depositions as needed – can be completed per the timelines in paragraph 10A.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties propose mediating this case after sufficient discovery, records review, and fact witness depositions have been completed, per the timeline in paragraph 10A. Pre-suit demands and offers were made by Plaintiffs.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to plan for mediation and to openly discuss settlement possibilities at all stages of the development of this case.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties agree to mediate the case per the timeline in paragraph 10A.

**17.** **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

At this time, the parties request a jury trial with the Federal Judge presiding.

**18.** **State whether a jury demand has been made and if it was made on time.**

Yes, a timely jury demand was made by Defendant, Palindrome Express LLC, in its Notice of and Petition for Removal. A jury demand was previously made in the State Court case.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate this evidence will take thirty-two (32) hours to present at trial.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Not applicable.

**21.** **List other motions pending.**

None at this time.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**23.** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiffs filed their certificate of interested parties on July 16, 2020. Defendant, Palindrome Express LLC, filed its certificate of interested parties on August 12, 2020. Defendant, Dennis Clark, filed his answer and certificate of interested parties on August 31, 2020.

**24.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**ATTORNEY FOR PLAINTIFFS:**
**ANTHONY G. BUZBEE**
Attorney-in-Charge
TBN: 24001820
FBN: 22679
**CAROLINE E. ADAMS**
TBN: 2401198
CAdams@txattorneys.com

J.P. Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, TX 77002
(713) 223-5393
(713) 223-5909 (FAX)
TBuzbee@txattorneys.com
CAdams@txattorneys.com

**ATTORNEYS FOR DEFENDANTS:**
**MARK R. LAPIDUS**
SBN: 11942250
FBN: 10200
**MEGAN L. KNUDSEN**
Lapidus Knudsen PC
SBN: 24040473
FBN: 37150
808 Travis, 18th Floor
Houston, TX 77002
(713) 400-6000
(713) 622-8054 (FAX)
mlapidus@lk-lawfirm.com
mknudsen@lk-lawfirm.com

Respectfully submitted,

**THE BUZBEE LAW FIRM**

 */s/ Caroline E. Adams* (w/permission)
**ANTHONY G. BUZBEE**
Attorney-in-Charge
TBN: 24001820
FBN: 22679
TBuzbee@txattorneys.com
**CAROLINE E. ADAMS**
TBN: 2401198
CAdams@txattorneys.com
J.P. Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, TX 77002
(713) 223-5393
(713) 223-5909 (FAX)

**LAPIDUS KNUDSEN PC**

 /s/ Megan L. Knudsen
**MARK R. LAPIDUS**
TBN: 11942250
FBN: 10200
mlapidus@lk-lawfirm.com
**MEGAN L. KNUDSEN**
TBN: 24040473
FBN: 37150
mknudsen@lk-lawfirm.com
808 Travis, 18th Floor
Houston, TX 77002
(713) 400-6000
(713) 622-8054 (FAX)
**ATTORNEYS FOR DEFENDANTS PALINDROME EXPRESS LLC AND DENNIS CLARK**