UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTIANA SODEKE** § | | |
| **ADEMOLA ONOFORMI** § | | |
| Plaintiffs § | NO. 4:20-cv-02317 | |
| § | | |
| v. § | | |
| § | | |
| **DENNIS CLARK AND** § | | |
| **PALINDROME EXPRESS LLC** § | **JURY DEMANDED** | |
| Defendants § | | |

### DEFENDANT DENNIS CLARK'S ORIGINAL ANSWER AND JURY DEMAND

Defendant, Dennis Clark, files his Original Answer to Plaintiffs' Original Petition, showing the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Defendant denies the averments contained in Paragraph 1 of Plaintiffs' Original Petition as the parties filed an Agreed Joint Discovery Case Management Plan.

### PARTIES AND SERVICE

2. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 2 of Plaintiffs' Original Petition.

3. Defendant admits the averments of Paragraph 3 of Plaintiffs' Original Petition.

4. Defendant admits the averments of Paragraph 4 of Plaintiffs' Original Petition.

### JURISDICTION AND VENUE

5. Defendant admits the averments of Paragraph 5 of Plaintiffs' Original Petition. Defendant further admits the averments of Paragraph 5 with regard to this Court.

6. Defendant admits this Court has jurisdiction over the parties because the accident made the subject of this lawsuit occurred in Texas and is within the jurisdiction of this Court. Otherwise, Defendant denies the averments of Paragraph 6 of Plaintiffs' Original Petition.

7. Defendant admits all or a substantial part of the alleged events or omissions giving rise to this lawsuit occurred in Harris County. Otherwise, Defendant denies the averments of Paragraph 7 of Plaintiffs' Original Petition.

## FACTS

8. Defendant admits Plaintiffs and Defendant were involved in an auto accident on May 15, 2019 on a service road along the Southwest Freeway in Houston, Harris, County, Texas. Defendant admits that at the time of the accident, he was operating a tractor-trailer owned by Defendant Palindrome Express LLC. Defendant admits he was in the course and scope of his employment with Palindrome Express LLC at the time of the accident. Defendant further admits that Plaintiffs' vehicle sustained property damage as a result of the accident. Otherwise, Defendant denies the averments of Paragraph 8 of Plaintiffs' Original Petition.

9. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 9 of Plaintiffs' Original Petition.

10. Defendant denies the averments of Paragraph 10 of Plaintiffs' Original Petition.

## COUNT I—NEGLIGENCE OF DEFENDANT DENNIS CLARK

11. Defendant denies the averments of Paragraph 11 of Plaintiffs' Original Petition.

12. Defendant admits that, on May 15, 2019, while driving a tractor-trailer, he owed a duty of reasonable care to other motorists to drive with caution, keep a proper look out, and properly control the tractor-trailer. Defendant is without sufficient information to admit or deny the averments of Paragraph 12 of Plaintiffs' Original Petition with regard to the phrase, "other

traffic control devises," as it is confusing and unclear. Otherwise, Defendant denies the averments of Paragraph 12 of Plaintiffs' Original Petition.

13. Defendant denies the averments of Paragraph 13 of Plaintiffs' Original Petition.

14. Defendant denies the averments of Paragraph 14 of Plaintiffs' Original Petition.

## LIABILITY OF DEFENDANT PALINDROME EXPRESS LLC—*RESPONDEAT SUPERIOR* THEORY

15. Defendant admits that Palindrome Express LLC owned the tractor-trailer involved in the subject accident and that the tractor-trailer was operated by Dennis Clark. Defendant further admits that he was working in the course and scope of his employment with Palindrome Express LLC at the time of the subject accident. However, Defendant denies the remaining averments of Paragraph 15 of Plaintiffs' Original Petition.

16. Defendant is without sufficient information to admit or deny the averments of Paragraph 16 of Plaintiffs' Original Petition. To the extent Paragraph 16 asserts that any act or omission of Defendant caused or contributed to Plaintiffs' alleged damages, Defendant denies the averments of Paragraph 16 of Plaintiffs' Original Petition.

17. Defendant is without sufficient information to admit or deny the averments of Paragraph 16 of Plaintiffs' Original Petition. To the extent Paragraph 17 asserts that any act or omission of Defendant caused or contributed to Plaintiffs' alleged damages, Defendant denies the averments of Paragraph 17 of Plaintiffs' Original Petition.

## AFFIRMATIVE DEFENSES

18. Defendant would show if the comparative responsibility or negligence of any other party, claimant, third parties, settling parties, and/or other tortfeasors, over whom this Defendant had no control, caused or contributed to the incident that forms the basis of the lawsuit, then such comparative responsibility or negligence must be submitted to the trier of fact for a

determination of comparative responsibility pursuant to §§33.001 *et seq.* of the Texas Civil Practice & Remedies Code.

19. Defendant further answers and says that if Plaintiffs have suffered or is suffering from any illness, disease, or condition which, in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition and which did not proximately result from the occurrence made the basis of this suit, then Plaintiffs are not entitled to recover for those damages in connection with the incident in question.

20. Additionally, if Plaintiffs maintained Medicare, Medicaid, and/or health insurance, and failed to utilize their health benefits, then Plaintiffs have failed to mitigate their damages.

21. Pleading further, to the extent that medical expenses exceed the amount actually paid by or incurred, Defendant asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code.

22. Pleading further, if Plaintiffs seek recovery of earnings, lost wages, loss of earning capacity, or loss of any type of contribution of any pecuniary value, evidence of the alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuance to §18.091 of the Texas Civil Practice & Remedies Code.

23. Defendant further pleads all just and lawful offsets and credits for any amounts paid or otherwise available to Plaintiffs to compensate them for their injuries, if any.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Dennis Clark, requests that Plaintiffs take nothing by their suit, that Defendant be discharged with its costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

**LAPIDUS KNUDSEN PC**

     */S/ Megan L. Knudsen*
**MARK R. LAPIDUS**
TBA No.  11942250
FID:  10200
mlapidus@lk-lawfirm.com
**MEGAN L. KNUDSEN**
TBA No. 24040473
FID:  37150
mknudsen@lk-lawfirm.com
808 Travis Street, 18th Floor
Houston, TX 77002
(713) 400-6000
(713) 622-8054 (FAX)
E-Service Email: e-service@lk-lawfirm.com
E-Service is only accepted at the above designated
E-Service email address
**ATTORNEYS FOR DEFENDANTS
PALINDROME EXPRESS LLC AND
DENNIS CLARK**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 31st day of August 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anthony G. Buzbee
Caroline E. Adams
The Buzbee Law Firm
600 Travis, Suite 7300
Houston, Texas 77002

     */S/ Megan L. Knudsen*
**MEGAN L. KNUDSEN**